## BRAUER vs. THE STATE.

CRIMINAL LAW. — *Evidence.*

In an indictment, under sec. 40, ch. 164, R. S., for unlawfully knowing and abusing a female child under the age of ten years, the fact of penetration may be found by the jury from circumstances, without direct proof.

ERROR to the Circuit Court for *Dane* County.
*P. B. Kissam*, for plaintiff in error.
*The Attorney General*, for the state.

DIXON, C. J. This was an indictment under sec. 40, ch. 164, R. S., as follows: "If any person shall unlawfully know and abuse any female child under the age of ten years, he shall be punished by imprisonment in the state prison for life." It was tried in the circuit court for Dane county, where verdict and judgment were rendered against the prisoner. A motion for a new trial was made in the circuit court, and overruled; and the case comes up for our decision upon a single question: and that is, whether there was sufficient proof of penetration to constitute the offense. The little girl was but eight years of age at the time of the trial, and less than that when the offense was committed, and was not examined as a witness. The principal witness for the prosecution, Habich, who discovered the prisoner in the act of supposed criminal connection, testified to a peculiar noise made by the prisoner as if in a state of excitement; that he looked and saw the prisoner with the front part of the little girl pressed to his body, and at the same time making motions as if he was having connection with her; that the prisoner then set the little girl down on her feet and pushed her clothes down, and the witness then saw that the prisoner's pants were wide open. The witness was within sixty or sixty-five feet of the prisoner, and saw distinctly that his pants were open, and the little girl's clothes up, and that she was pressed close to his body by the left arm of the prisoner which was thrown around her person; but the witness did not testify to the *rem in re*, or the fact of actual penetration.

The child's mother testified that on the evening of the same day, the facts above stated having occurred about two o'clock in the afternoon, the little girl complained of pain, and said she felt sore all over, and particularly between her legs, and that she could not walk. The mother made no examination of the parts affected until a surgeon was called, which was three or four days afterward.

It appeared from the testimony of the surgeon, that the injured parts were remarkably inflamed and dilated internally, and in a very unusual state for a child. They were widened and extended about and between the labia or lips, and appeared to have been penetrated, and the surgeon thought frequently, by some foreign substance, to the depth of about an inch; but the hymen was not ruptured, nor the vagina entered.

It will be seen from this statement of the testimony, that the objection to the proof is that it was not direct and positive to the fact of penetration. It is conceded that any, the slightest, penetration will suffice to constitute the offense, and that rupturing the hymen is not indispensable to a connection; but it is insisted that penetration to some extent must be positively proved, and that it cannot be found by the jury from circumstances. We are of the opposite opinion, and such we believe to be the clear weight of authority. In cases of this kind, when the offense is committed upon a child of tender years, and who, for want of knowledge and experience, may be incapable of giving testimony, it often happens, as in this instance, that direct and positive proof of penetration cannot be made; and if proof by circumstances were excluded or held insufficient, the offender must go unpunished; and we accordingly find in such cases that the utmost reliance is placed on the testimony of the medical witnesses, who, from their professional skill and understanding, are able to guide to pretty unerring results. The marks of violence left after such an attempt upon a child, the inflamed, swollen and unnatural condition of the parts, together with the pains and soreness complained of, are considered quite as sure indications of what has been done as if the child herself were able to testify, and even more sure than her positive statement would be, unsustained by such corroborating facts and circumstances. And in this case we should say upon the testimony of the mother and sur-

geon alone, and without considering the strong tendency in this particular (to prove penetration) of the facts deposed to by the principal witness, Habich, that the evidence before the jury was quite sufficient to justify their finding of the fact ; and when we consider the testimony of Habich as well, there seems to be not the slightist ground for disturbing the verdict. It is true, as urged by the counsel for the prisoner, that the same condition of the injured parts, and the same pains and soreness, might have been produced by other means ; but that was a question for the jury, and they having found against the prisoner upon competent testimony, and under instructions from the court to which he took no exception, their decision is final. In *Regina v. Lines*, 1 C. & K. 393 (47 E. C. L. 393), which was an indictment like the present, for carnally knowing and abusing a female child under ten years old, PARKE, B., left it to the jury to say, upon the examination of the surgeon alone, who testified that the hymen was not ruptured, whether there was a penetration.

*By the Court.* — Conviction affirmed.