Murphy vs. The State.

---

MURPHY, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 16 — October 30, 1900.*

*Criminal law and practice: Rape: Improper statements and questions by prosecutor: Pleading: Instructions to jury: Lesser offenses: Presumption of innocence: Explaining "reasonable doubt:" Excessive punishment.*

| | |
|---|---|
| 108 | 111 |
| f110 | ³233 |
| 108 | 111 |
| f112 | ⁶309 |
| 108 | 111 |
| 115 | ⁶324 |

1. Where the other essentials of the crime are present, any actual penetration is sufficient to constitute rape, and the degree to which the person of the female was entered is not material.
2. Statements of the prosecuting attorney in opening the case, and questions on cross-examination of the accused, which merely tend to prejudice the jury and to induce them to believe the accused

Murphy vs. The State.

guilty because of past transactions in his life in no way connected with the offense charged, are improper, and will work a reversal if it clearly appear that the accused may probably have been prejudiced thereby. In this case, however, references to the accused as a tramp, and questions as to his past life not bearing on his credibility, are *held* not to have constituted material errors, because the evidence properly introduced in proving the offense pretty clearly indicated that he was a tramp, and the improper questions elicited nothing prejudicial.

3. An information is not insufficient because the charging clause does not conclude with the words "against the peace and dignity of the state of Wisconsin."

4. The court should fully instruct the jury as to every offense included in the information of which the accused might reasonably, upon the evidence, be convicted. But on a prosecution for rape, failure to instruct as to the lesser offenses included therein was not an error prejudicial to the accused, where the jury understood that, unless they found from the evidence beyond a reasonable doubt all the facts requisite to a conviction of the full charge, they must render a verdict of acquittal.

5. Where the jury were charged that there was a legal presumption of innocence which entitled the accused to an acquittal unless overcome by the evidence, a refusal to give an instruction repeating the idea in different language, which might have impressed such idea more definitely upon the minds of the jury, was not a material error, though it would have been better to give it.

6. A charge that the presumption of defendant's innocence "continues till the state shall satisfy you beyond any reasonable doubt of his guilt," is *held* not to have been misleading, where what followed clearly indicated that the jury were to consider all the evidence, not merely that on the part of the state, in determining whether the presumption had been overcome.

7. Omission to explain to the jury the meaning of the term "reasonable doubt" is not error where no instruction on that point is requested. The giving or omission of such explanation is a matter in the discretion of the trial court.

8. For rape upon a girl ten years old, a sentence of imprisonment for twenty-five years, which by good conduct can be reduced to less than fourteen years, is not excessive, and cannot be said to violate the constitutional provision against cruel and unusual punishments.

ERROR to review a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

The plaintiff in error was convicted of the offense of rape upon a child of the age of ten years.

*T. J. Hoey*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General*, and oral argument by *R. F. Hamilton*, second assistant attorney general.

MARSHALL, J. No detailed statement of facts need be made in this case, or of the evidence relating thereto. It is deemed best to include in published records of such cases only so much of their history as is indispensable to an understanding of the points presented for adjudication and decided.

The first point made is that the verdict is not sustained by the evidence. The age of the girl and the opportunity for the accused to commit the offense were established beyond reasonable controversy. All the circumstances of the offense itself were positively testified to by the girl, and there is no such improbability in her story as to preclude the jury from believing it. Her testimony was corroborated by the usual proof of early complaint to her mother and of examination by a physician, disclosing a condition consistent with the theory that she had been abused to a sufficient extent to constitute the offense charged so far as carnal knowledge was concerned. In view of such evidence it needs no argument to show that the jury might reasonably have come to the conclusion which they did. The principal contention on this branch of the case is that the condition of the girl, considering her age and development, precludes the idea that she was violated to a sufficient decree to constitute the offense of rape. True, the evidence does not warrant the belief that her person was entered to any great degree; but if an entrance was effected at all, and there is ample evidence on that point, the additional extent of the violation of her body, if any, was not a material subject for investi-

gation. *Res in re*, the engagement of the sexual organs at all beyond surface contact, all the other essentials of the crime charged being present, fully consummate the offense of rape in all its revolting brutality and wickedness, and no punishment within the scope of the criminal statutes on the subject can properly be said to be excessive. The claim that the verdict is not warranted by the evidence is without merit.

Error is assigned because the district attorney was permitted, in opening the case to the jury, to speak of the accused as a tramp; also because, on cross-examination, inquiry was made into his past life. In those respects the conduct of the prosecuting officer cannot be wholly approved. Not that it was error, by any means, to inquire into the past life of the accused. That was proper if pursued for a proper purpose and in a proper way. In the opening statement to the jury the district attorney should always confine his remarks with reasonable strictness to a history of the offense charged and the connection of the accused therewith as he expects to establish the same by evidence to be produced; and in the cross-examination of the accused as to his past life the object aimed at should only be to fairly place before the jury the facts bearing on his credibility as a witness. Statements and questions merely tending to prejudice the jury and to induce a belief in their minds as to the guilt of the accused because of transactions in his life in no way connected with the offense charged, are beyond the. scope of proper cross-examination and of a prosecuting officer's duty. It constitutes reversible error if it clearly appear that the accused may probably have been prejudiced thereby. It is to be regretted that those who stand at the bar of the court as representatives of the people in public prosecutions do not always comprehend and observe the plain limits of official duty. Lapses in that regard generally indicate inexperience, overzealousness, or want of those natural qual-

ities which are essential to a proper discharge of official duty. No lawyer who loves his profession and aims to excel in its work will consciously offend in such matters for the purpose of momentary success. The trial judge should be on the alert at every stage of the trial to prevent and rebuke such transgressions and to see that the accused person is protected from prejudicial consequences by such misconduct.

Notwithstanding what has been said, we are unable to say that the plaintiff in error was prejudiced by the matters complained of. The case comes far short of falling within the condemnation of *Buel v. State*, 104 Wis. 132. Plaintiff in error was referred to as a tramp, but afterwards the evidence produced in legitimately proving the offense charged pretty clearly indicated that he was of the class commonly so called. The inquiry into the past life of the accused was pursued by questions that did not bear on his credibility, yet nothing was elicited that by any reasonable inference pointed to him as a person liable to commit the offense charged. Nothing was added to what legitimately crept out in the course of the trial regarding the general character of the accused and his mode of life.

It is suggested that the information was insufficient in that the charging clause did not conclude with the words "against the peace and dignity of the state of Wisconsin." That proposition is ruled against the plaintiff in error by *Nichols v. State*, 35 Wis. 308.

It is further contended that the court erred in not instructing the jury that if they did not find with the degree of certainty requisite to a conviction of the accused of the full offense charged, but did conclude that he assaulted the girl with intent to commit the crime of rape or that he assaulted her without such felonious intent, they should find a verdict of guilty of the lesser offense established and of not guilty of any other charge included in the information.

Murphy vs. The State.

Certainly it is permissible to convict of assault with intent to commit the crime of rape, or of simple assault, when the full charge in the information is the crime of rape, if the evidence establish beyond a reasonable doubt the commission of the lesser offense by the accused, but not the greater; and when the evidence is such as to reasonably permit that course, the jury ought to be fully informed in regard thereto, and the situation in this case called for such information. But it does not follow that reversible error was committed. It is one thing to err and another to commit prejudicial error. The former is to be disregarded, because justice is not thereby turned aside. The latter calls for correction, not merely for the error, but because it may have resulted in a conviction where otherwise an acquittal would have occurred. The great and primary end sought in all judicial proceedings is justice. If that be not jeopardized, within the range of reasonable 'probabilities, errors of omission or commission, however numerous, will not incline the judicial scales towards a disturbance of the result. There comes in the statute of this state, so often referred to as a beneficent provision that covers a multitude of errors and promotes certainty and economy in the administration of remedies for wrongs cognizable by courts, without any sacrifice of constitutional rights: "The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." Sec. 2829, Stats. 1898. We must presume that the jury sufficiently understood that, unless they found from the evidence beyond a reasonable doubt the existence of all the facts requisite to a conviction of the plaintiff in error of the full charge made against him, they were required to render a verdict of acquittal. That, instead of prejudicing the jury against the accused, left them free to render a verdict of not guilty, though fully satisfied

of his guilt of a serious offense, but one less than the crime of rape. He was given a chance of escape from any punishment, though believed by the jury to be guilty, to some extent, at least, calling for severe punishment. In that he received an advantage to which he was not entitled, instead of being deprived of a right. However, from the standpoint of justice in the abstract, the court should, in any criminal case, fully instruct the jury as to every offense included in the information of which the accused might reasonably, upon the evidence, be convicted. *Dickerson v. State,* 48 Wis. 288; *Winn v. State,* 82 Wis. 571; *Odette v. State,* 90 Wis. 258; *Fertig v. State,* 100 Wis. 301; *Perugi v. State,* 104 Wis. 230.

Error is assigned on the refusal of the court to instruct the jury as follows: " The defendant in this case entered upon this trial with the presumption of innocence in his favor, and that presumption remains in his favor through the entire trial, and up to the time you shall agree upon your verdict." That is substantially a correct statement of the law applicable to the case. Many different ways are found in the books of stating the principle embodied in the requested instruction, some of which are not strictly accurate, and that applies to some of the cases cited to our attention in the brief of counsel. The subject was fully considered in *Emery v. State,* 101 Wis. 627, where it is said that strict accuracy may be attained by stating that the presumption of innocence attends the accused from the beginning to the end of the trial and must prevail unless overcome by evidence so as to establish guilt of the offense charged beyond a reasonable doubt. The instances where courts have held that a refusal to instruct the jury in that regard, in addition to the general instruction that the accused is entitled to an acquittal unless the jury are satisfied from the evidence beyond a reasonable doubt that he is guilty, is error, are grounded upon the omission to give the accused the benefit of the legal presumption of innocence. That

principle was fully stated to the jury in this case, unlike *Franklin v. State*, 92 Wis. 269, upon which counsel for plaintiff in error seems to rely. The jury having been told that there was a legal presumption of innocence which entitled the accused to an acquittal unless overcome by the evidence, a refusal to repeat the idea in different language, suggested by counsel for the accused, though such language might have more definitely impressed such idea upon the minds of the jurors, was not reversible error. However, it would have been better to have so given it. *Buel v. State*, 104 Wis. 132. We repeat what was there said,— the giving of special instructions on leading points in the case as requested by counsel, or the embodiment thereof in the general charge, especially in important cases, where such special instructions are more specific than the general charge covering such points as prepared by the trial judge, is advised; but the refusal to do so, when such general charge is sufficiently plain to be understood by persons of ordinary comprehension, does not constitute reversible error.

The trial court instructed the jury as follows: " The defendant entered upon this trial with the presumption of innocence in his favor, and that presumption continues till the state shall satisfy you beyond any reasonable doubt of the defendant's guilt." In that the legal presumption of innocence was correctly stated to the jury and given proper significance, unless the jury were misled by the language referring to proof by the state. It is contended that the jury may well have understood by the language used that the evidence on the part of the state only was to be weighed against the legal presumption of innocence, regardless of supporting evidence on the part of the accused; that they should have been told that, unless, upon the whole evidence, the legal presumption of innocence was overcome so as to establish the guilt of the accused to the exclusion of every reasonable doubt, such presumption should prevail by a ver-

dict of acquittal.   We are not unmindful of the inaccuracy
of the language used by the learned trial court, yet we can-
not see how a man of common sense could have been misled
thereby.   Viewed in the light of common understanding,
such language means that it is incumbent upon the state, as
a condition precedent to a conviction, to establish the guilt
of the accused by evidence, having regard to all the evi-
dence in the case and the legal presumption of innocence.'
At least that is within the reasonable meaning of the words
used, and what followed pointed to that as the meaning in-
tended by the court so plainly that no reasonable ground
exists to say that any other was attributed thereto by the
jury.   The court said: "It is incumbent on you to consider
the testimony without passion and without prejudice, for
the purpose of determining whether the defendant is guilty
or not. He is entitled to the benefit of any reasonable doubt
existing in the evidence in this case.   If, after a full consid-
eration of the testimony, you shall have any reasonable
doubt of his guilt, you will give him the benefit of that
doubt by an acquittal." The word "evidence" was iterated
and reiterated in such a way as to indicate that the jury
were to look not to the evidence produced by the state
alone, but to the entire evidence produced upon the trial,
having regard to the legal presumption of innocence, which,
the court plainly told the jury, attended the accused to the
end unless so overcome by evidence as to exclude from their
minds every reasonable theory consistent with innocence.

A further contention is made that plaintiff in error was
prejudiced by neglect to explain to the jury the meaning of
the term "reasonable doubt."   The conclusive answer to
that is that no explanatory instructions on the point were
requested.   *Miller v. State,* 106 Wis. 156.   A further and
equally sufficient answer is that giving or omitting to give
mere explanatory instructions regarding the meaning of
language commonly used in the statement of a legal prin-

Murphy vs. The State.

ciple is a matter of judicial administration which is left almost exclusively to the trial court. This court may advise in such matters, and will not hesitate to do so when that course seems to be promotive of the ends of justice, but cannot exercise control, unless all reasonable limits of judicial discretion be exceeded by the trial court. There was no. excess of judicial discretion in this case in the matter referred to, nor anything approaching the limits of it.

A suggestion is made that the judgment of the court is excessive. A person familiar with the punishments that have in the past been commonly visited upon persons guilty of the crime of rape, especially where the victim was under the age of consent, will not seriously contend that a sentence to confinement in the state prison for twenty-five years, which by good conduct can be reduced to less than fourteen years, is excessive,— assuming the validity of the legislation giving to nonjudicial officers power to shape the judgments of the court with reference to the conduct of the convict. Courts pronounce judgments in criminal cases, but, unlike other judgments,— if the legislation referred to be valid, a question never passed upon by this court,— they are not to be executed as entered, regardless of the pardoning power or any change by higher judicial tribunals, but according to the legislative will. Formerly, in this state, the crime of rape upon a female under age of consent was punishable by life imprisonment. The law was not softened by any regard for such offenders, but in order to increase the certainty of their punishment. When the more severe punishment followed a conviction, jurors were slow to convict, though satisfied of guilt, because of the terrible consequences to the accused. Anciently, in England, rape upon a female capable of consenting to a sexual act was a capital offense, punishable by death, later by castration. Such punishments being deemed too severe were changed for a time, but experience led to a return to rigorous punishments, with broad

discretion in the trial courts, so as to fit punishments to the circumstances of each particular case, the maximum punishment being penal servitude for life. Such is the law to this day. Rape upon a female under the age of consent is treated uniformly as the highest degree of the offense. The maximum penalty, by the English statute, is the same in the one case as in the other. The minimum punishment in the one case is two years penal servitude, and in the other five years. 24 & 25 Vict. ch. 100, sec. 48; 48 & 49 Vict. ch. 69, sec. 4. The punishment under our statute for the greater offense is from five to thirty-five years, in the discretion of the court. That, it will be seen, follows the general lines of the law on the subject as it has existed, with the exception of the short interval mentioned, for ages. The statute cannot be said to violate the constitutional provision against cruel and unusual punishments. The age of the victim in this case was ten years, four years under the age of consent. The accused was an entire stranger to her. There was no circumstance to palliate the offense or to reduce it below one of the most revolting character, except absence of that degree of brutal treatment of the victim sometimes met with, which may well be attributed to the danger of immediate discovery on account of the surroundings at the time the offense was committed. On the whole there is no reason to say that the discretionary power of the court was not wisely exercised in fixing the punishment of the plaintiff in error at about fourteen years, conditioned upon his conduct being such as to entitle him to the maximum amount of credit for good behavior during his confinement.

*By the Court.*— The judgment of the circuit court is affirmed.