COLLINS, Plaintiff in error, vs. THE STATE, Defendant in
error.

*May 7—June 18, 1923.*

*Rape: Evidence: Sufficiency: Excessive sentence.*

1. In a prosecution under sec. 4382, Stats. 1921, for the offense of
   rape upon a girl nine years old, evidence by the prosecutrix,
   corroborated by physicians, is *held* to sustain a conviction.
2. The reliability of the testimony of a witness is a question for
   the jury.
3. A sentence of thirty years upon conviction of the crime of rape
   on a nine-year-old girl is not excessive in view of the nature
   of the crime and the possibility of the sentence being reduced
   by good behavior.

ERROR to review a judgment of the municipal court of
Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Wheeler &
Witte* of Milwaukee, and oral argument by *Lyman G.
Wheeler.*

For the defendant in error there was a brief by the *At-
torney General* and *George A. Shaughnessy,* district attor-
ney of Milwaukee county, and oral argument by *Eugene
Wengert,* assistant district attorney.

JONES, J. In this case the defendant was convicted under
sec. 4382, Stats., on the charge of rape upon a little girl not
quite nine years old. Defendant was the janitor in an
apartment house and lived in the basement, and the girl
with her family lived in the adjoining building.

The testimony of the complaining witness was that de-
fendant enticed her into his rooms during the absence of
members of his family and that after persuasion he induced
her to stand up against the wall; that he unloosed her cloth-
ing and while kneeling before her took out his privates and
placed them between her legs; that on the next day he told
her to lie on a cot; that he then put his privates between her

legs and she felt them inside her, and she saw something white come from him. There were other statements as to his licentious and revolting conduct which it seems unnecessary to detail, and which can hardly be stated without too great an offense against decency.

The complaining witness testified that on three or four occasions these liberties were taken. On the first occasion another little girl, a playmate, eight years old, was present. She corroborated the complaining witness and testified that defendant treated her in the same manner but that he only placed his private parts between her legs. They both swore that defendant threatened that if they made known the facts he would have them sent to the detention home. It was brought out on cross-examination that after the misconduct of the defendant the complaining witness had disreputable practices with some small boys and that the other little girl had improper familiarity with one boy.

Physicians testified that the hymen was not ruptured and counsel for defendant argued that there was no proof of penetration. As might be expected under all the circumstances, the testimony of the complaining witness was somewhat confused and uncertain. On the direct examination many of her answers were to leading questions. On cross-examination she at times testified that she did not know whether his privates went into her. But for the corroborating evidence it is probable that her evidence would not have sufficed to sustain the verdict.

Three physicians were called by the prosecution. According to their testimony, although there was not a rupture of the hymen, the opening of the vagina was larger than it should have been and the parts were inflamed and somewhat swollen. According to the testimony of two physicians who had examined the complaining witness she was suffering from gonorrhea and was being treated for that disease. Another physician had examined the genital organs of the defendant and his urine and found pus cells and bacteria

which corresponded to and were gonococci.   He testified
that defendant told him that he had had gonorrhea thirty
years before.   He testified further that it was possible
after such a lapse of time for the infection to be transmitted
to a child by partial penetration.

One of the physicians had made a specialty of the diseases
of women.   Another had for a long time devoted his at-
tention exclusively to pathology.   Only an outline of the
medical testimony is here given.

The defendant denied entirely the testimony of the two
girls and explained that the alleged statement to the effect
that he had ever had gonorrhea had been misunderstood.
Other testimony was given to the effect that he had been
absent from the apartment at the time mentioned by the
little girls.   On the claim that there was no sufficient proof
of penetration the defendant cites the following cases:
*Hardtke v. State,* 67 Wis. 552, 30 N. W. 723; *Murphy v.
State,* 108 Wis. 111, 83 N. W. 1112; *Brauer v. State,* 25
Wis. 413.

In the first of these cases the opinion said: "There was
not a particle of evidence in the case of penetration."   There
were many errors during the progress of the trial and the
judgment of conviction was reversed.

In the second case the action was for rape upon a girl ten
years old; the sentence was for twenty-five years.   On the
principal issue the same objection was made that is here
presented.   The court said:

"The principal contention on this branch of the case is
that the condition of the girl, considering her age and de-
velopment, precludes the idea that she was violated to a
sufficient degree to constitute the offense of rape.   True,
the evidence does not warrant the belief that her person was
entered to any great degree; but if an entrance was effected
at all, and there is ample evidence on that point, the addi-
tional extent of the violation of her body, if any, was not a
material subject for investigation.   *Res in re;* the engage-
ment of the sexual organs at all beyond surface contact, all

the other essentials of the crime charged being present, fully consummate the offense of rape in all its revolting brutality and wickedness, and no punishment within the scope of the criminal statutes on the subject can properly be said to be excessive.   The claim that the verdict is not warranted by the evidence is without merit." *Murphy v. State,* 108 Wis. 111, 113, 83 N. W. 1112.

In the third case the little girl against whom the offense was committed was eight years old.   The injured parts were inflamed and in a very unusual state.   The hymen was not ruptured nor the vagina entered.   The evidence as to penetration was not as direct or positive as in the present case and the court placed much reliance on the medical testimony. The conviction was sustained.

Counsel for defendant does not object to the instructions to the jury, but does object that the testimony of the complaining witness and some of that of the expert witnesses was unreliable and received without proper foundation. The reliability of the testimony was a question for the jury. We have carefully examined the testimony and these objections and are satisfied that no prejudicial error was committed.   The case seems to have been fairly tried; the jury found the defendant guilty and the court affirmed the verdict.   We see no good reason for reversal.

There is some discussion in the brief of defendant's counsel of the severity of the sentence.   A sentence of thirty years' imprisonment is indeed a long one, but the time may be much reduced by good behavior; and the jury found the defendant guilty of one of the most heinous and detestable crimes that can be committed.

*By the Court.*—Judgment affirmed.