RICHARDS, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 11, 1926—January 11, 1927.*

*Rape: Of seven-year-old girl: Evidence: Sufficiency: As to penetration.*

1. A finding by the trial court (a jury trial having been waived) that defendant was guilty of rape upon a seven-year-old girl is *held* sustained by the evidence. p. 21.

2. A very slight penetration of a seven-year-old child is sufficient to establish the crime of rape. p. 22.

ERROR to review a judgment and sentence of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge. *Affirmed.*

The plaintiff in error was convicted in the municipal court of Milwaukee county, upon information for rape of a child of seven years of age, a jury having been waived, from which judgment the plaintiff in error sued out a writ of error to this court. He assigns as errors that the court erred in finding him guilty of rape, and that the court erred in denying him a new trial.

For the plaintiff in error there was a brief signed by *W. B. Rubin* of Milwaukee, of counsel, and oral argument by *Mr. Rubin.*

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George A. Bowman,* special assistant district attorney, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry.*

CROWNHART, J. The contentions of the plaintiff in error, hereinafter called the defendant, are that the defendant was not sufficiently identified, and that he was too intoxicated to commit the offense.

The little girl upon whom the assault was committed, on

a Sunday morning, about 11 o'clock, was sent by her mother to a neighboring store to purchase a pair of stockings.   On her way to the store the defendant met the child and offered to buy her two ice cream cones if she would meet him at an appointed place on her return from the store.   The child met the defendant, who was sitting on his porch.   According to the testimony of the child, defendant took her to a store and procured the ice cream cones, and returned to his room with the child, locked the door, pulled down the window shade, laid the child on the couch, and made the assault upon her.   Afterwards the child went to her home and told her mother what had happened.   A police officer was called and he, with the mother and the child, went to the defendant's home.   The child pointed to the door of the room to which the defendant had taken her.   The door was open and defendant was stretched out on the couch, with his hat over his face, apparently asleep.   One of the ice cream cones was found in the room, partly eaten.   On the defendant's shirt were marks of chocolate ice cream.   A pillow lying on the couch was also stained with chocolate ice cream.   Defendant appeared to be under the influence of liquor.   He was arrested and taken to the police station.   He was able to walk, and at the police station gave his name, address, age, and said he was married.   He claimed not to have had any memory of the offense charged against him.   The identification was amply established by the evidence.

On the question of the defendant's intoxication, it appears that he was able to go to the store with the little girl, return to his house, take her to his room, lock the door, and pull down the shades.   These things were only consistent with the intent to commit the offense with which he was charged.

It was further claimed that there was no evidence of penetration, and that the defendant should be held guilty only of assault with intent to rape, if he was capable of forming an intent.   A doctor was called, who examined the child.

The doctor testified that the hymen was not ruptured, but within the lips of the vagina and around about the hymen was found a fluid which, upon a microscopic examination, proved to be a discharge from the male organ, containing spermatozoa. These findings indicated to the doctor that the lips of the vagina had been penetrated. A very slight penetration of a child of this age is sufficient to establish the crime of rape. The little girl testified to the acts of the defendant in committing the crime, which, with the doctor's testimony, fully justifies the judgment of the municipal court. *Brauer v. State,* 25 Wis. 413; *Murphy v. State,* 108 Wis. 111, 83 N. W. 1112; *Collins v. State,* 181 Wis. 257, 194 N. W. 158.

The defendant was represented by an attorney at the trial.

We find nothing in the motion for a new trial which required the court to grant a new trial, and certainly there was no abuse of the court's discretion in denying the motion.

*By the Court.*—The judgment and sentence of the municipal court are affirmed.