BIRMINGHAM, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 18—June 25, 1938.*

*Herman A. Mosher* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, *Edward J. Yockey,* deputy district attorney, and *Charles J. Kersten,* assistant district attorney, and oral argument by *Mr. Kersten.*

The following opinion was filed April 12, 1938:

NELSON, J. At the time of the trial the defendant was thirty-seven years of age. The complaining witness was

fifteen years of age. The alleged offense, according to the evidence adduced by the state, was committed during the evening of March 31, 1937, in Milwaukee county, in the vicinity of the Milwaukee county airport, in an automobile owned by the defendant, and in the presence of another girl of the age of thirteen years, and of three boys, one of whom was only fourteen years of age,—all occupants of the defendant's automobile. We deem it quite unnecessary to recite the evidence adduced by the state which specifically relates to the offense charged or to the other offenses in which all who were there present participated. No good could possibly come from such a recital. We therefore decline to put into our Reports the details of the testimony adduced.

The prosecution was grounded upon so much of sec. 340.47, Stats., as provides:

"Any person over eighteen years of age who shall unlawfully and carnally know and abuse any female under the age of eighteen years shall be punished by imprisonment in the state prison not more than thirty-five years nor less than one year, or by a fine not exceeding two hundred dollars."

In such a prosecution the elements of the offense are: (1) A male person over eighteen years of age; (2) a female under the age of eighteen years; and (3) carnal knowledge and abuse of such a female by such a male person.

The defendant contends that the court erred: (1) In finding him guilty of the offense charged because the *corpus delicti* was not established beyond a reasonable doubt; (2) in admitting evidence which tended to prove that the defendant on other occasions had committed other criminal offenses and had been guilty of other grossly immoral acts; and (3) in so conducting the trial as to prejudice the defendant in his defense and to deny him a fair trial.

The defendant's first contention relates, (1) to the question of penetration; and (2) to the credibility of the com-

plaining witness, the other little girl, and the three boys. As to the first question, the record reveals that the complaining witness testified directly to the fact of penetration, and that a physician who examined her on April 7, 1937, testified that the physical development and the condition of the complaining witness were such as to permit of an inference that she could have had sexual intercourse.

The law applicable to such offenses, and the degree of penetration which is required to be proved in cases involving young girls, is well settled in this state. *Brauer v. State,* 25 Wis. 413; *Hardtke v. State,* 67 Wis. 552, 30 N. W. 723; *Murphy v. State,* 108 Wis. 111, 83 N. W. 1112; *Collins v. State,* 181 Wis. 257, 194 N. W. 158; *Richards v. State,* 192 Wis. 20, 211 N. W. 669. The evidence adduced, if deemed credible by the trial court, must, on review, be held sufficient.

As to the second question, which relates to the credibility of the complaining witness and the other witnesses for the state, and the weight to be given to their testimony, it was peculiarly within the province of the trial court to pass upon their credibility and the weight to be given to their testimony. Certain testimony, relating to other offenses and other acts of the defendant on other dates wholly unconnected with the crime charged, was adduced by the state. This testimony was clearly incompetent and irrelevant. It should not have been received. However, it was received and, in giving their testimony relating to other offenses and other acts, the several witnesses testified particularly as to the dates and the times of such other offenses and acts. The court thereafter permitted the defendant to adduce testimony which tended strongly to show that, on the dates mentioned and at the times specified, the defendant was engaged in operating a motion-picture machine at the theater at which he was employed. While the testimony adduced by the defendant tended strongly to impeach the state's witnesses, so

far as the dates and times of such other alleged acts and offenses were concerned, the question of their credibility and the weight to be given to their competent testimony was for the court to determine.

The defendant next contends that the court erred to his prejudice in admitting evidence which tended to prove that the defendant on other occasions had committed other sex crimes and had been guilty of actively participating in other immoral acts. As before stated, the admission of such evidence was clearly improper. It has been held over and over again that upon the trial of one charged with a certain crime the evidence generally must be confined to the offense charged, and neither proof of general bad character nor that the defendant had been guilty of other specific acts, whether criminal or merely meretricious, are provable against him, *Paulson v. State,* 118 Wis. 89, 94 N. W. 771, and that the receipt of such evidence as a general rule is prejudicial, *Topolewski v. State,* 130 Wis. 244, 109 N. W. 1037; *Fischer v. State,* 226 Wis. 390, 276 N. W. 640. When, in the course of a criminal trial, a district attorney or, as here, a member of his staff, attempts to introduce such incompetent or irrelevant testimony, such attempt should be promptly condemned by the trial court. The tendency of such evidence is prejudicial, and an offer of such incompetent evidence evinces either a willingness on the part of a prosecutor unfairly to prejudice the defendant or evidences a complete ignorance of the rules of evidence applicable to criminal trials. There is nothing that can be said to justify or excuse such conduct on the part of a prosecuting attorney. Had this trial been to the court and a jury we would not hesitate to reverse the judgment and to order a new trial.

Nor does the fact that a trial is had to the court alone justify the reception of wholly incompetent evidence in either civil or criminal trials. All trials should be conducted fairly, and the least that should be demanded of trial courts is that

they, in good faith, scrupulously attempt to observe the well-established rules of evidence.

But it does not follow that prejudicial or reversible error was committed. The record reveals that the trial court was cognizant of the rule which renders evidence of other crimes incompetent to prove a defendant guilty of a particular crime charged, which crime is wholly disconnected from the other crimes sought to be proved. This rule, of course, does not forbid proof that a defendant has been convicted of other crimes, if he takes the stand and denies such prior convictions. Such testimony is then properly admitted for impeachment purposes. The trial court several times admonished the attorneys present to confine their question to March 31, 1937, the date of the alleged offense. The trial court was, no doubt, familiar with the established rule applicable to the admission of incompetent evidence when a trial is had to the court alone. The knowledge of that rule may have been responsible for the failure of the court promptly to exclude such incompetent testimony. The rule which this court applies in reviewing a finding of a trial court, in either a civil or a criminal case, tried to the court, is that it is presumed that improper evidence taken under objection was given no weight in reaching the final conclusion unless the contrary appears. *Harrigan v. Gilchrist,* 121 Wis. 127, 314, 99 N. W. 909. "It is to be presumed that the court gave no weight to such incompetent testimony, unless the contrary appears." *Rozek v. Redzinski,* 87 Wis. 525, 528, 58 N. W. 262. See also *Farr v. Semple,* 81 Wis. 230, 51 N. W. 319, and *Hooker v. Brandon,* 75 Wis. 8, 15, 43 N. W. 741. In *Topolewski v. State, supra,* the only criminal case in which the question seems to have arisen, it is said (p. 249) :

"When a person is charged with being guilty of a particular offense he has a right, which should not be trespassed upon at all, to have the evidence in support of such charge confined to that particular offense. That, of course, has

nothing to do with the rule allowing evidence of a former conviction as bearing on the subject of credibility of the accused in case of his offering himself as a witness, nor the rule permitting proof of other offenses so intimately connected with the one charged as to be evidentiary of the intent essential. Cases of the latter character too often lead to the improper admission of evidence contrary to the general rule above stated.

"Notwithstanding the foregoing the admission of the improper evidence does not give cause for a reversal here. In a case tried by the court the admission of improper evidence is to be regarded on appeal as having been harmless, unless it clearly appears that but therefor the finding would probably have been different. *Harrigan v. Gilchrist*, 121 Wis. 127, 314, 99 N. W. 909. We are unable to see any clear indication that the plaintiff in error was prejudiced by the error in this case."

A careful consideration of the relevant and competent testimony bearing upon the specific crime charged, and the incidents closely connected therewith, leads us to conclude that the competent evidence is sufficient to support the finding of the trial court that the defendant was guilty of the crime charged; and (2) that while the evidence as to other crimes and acts of the defendant at other times and upon other occasions would be regarded as prejudicial and reversible error had the trial been to the court and a jury, it cannot be said that it clearly appears that, but for the admission of that incompetent and improper evidence, the finding of the trial court would probably have been different. The trial court, before finding the defendant guilty, stated that it considered some of the testimony irrelevant, incompetent, and immaterial, and then said:

"Now, I will decide this case absolutely on the relevant testimony in the case, and after having cut out, so to speak, all the irrelevant testimony that has been admitted.

"Now, on the facts in this case I find the defendant guilty."

While we cannot approve of the manner in which this trial was conducted, we are of the opinion that the improper evidence received gives rise to no cause for a reversal.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on June 25, 1938.