Opinion by
Mr. Justice McWilliams.
In the municipal court of the City and County of Denver Vigil was convicted by a jury of the crime which is commonly referred to as drunk driving, second offense within five years, as such is more fully defined in C.R.S. 1963, 13-5-30(5). Upon conviction, Vigil was sentenced to 90 days in the county jail, this sentence being the mandatory minimum prescribed by the aforementioned statute.
Upon trial de novo in the superior court of the City and County of Denver, Vigil suffered a similar fate, i.e., a conviction of drunk driving, second offense within five years and the resultant imposition of a 90 day jail sentence. This time, though, his conviction was at the hands of the trial judge who was sitting without a jury, with the consent of all concerned. By writ of error Vigil now seeks reversal of this judgment and sentence.
Vigil’s chief complaint relates to the admission into *231 evidence, over objection, of certain testimony offered upon trial by the People. This questioned evidence was offered in support of the overall contention of the People that Vigil was driving his motor vehicle on the streets of 'Denver while under the influence of intoxicating liquor and that while thus driving, Vigil had run a red light at about 2:53 o’clock a.m., of a cool September morn and had crashed broadside into another vehicle innocently proceeding through the intersection on a green light.
Three persons, each of whom had adequate opportunity to observe Vigil immediately after the aforementioned accident, testified that Vigil was then drunk and under the influence of intoxicating liquor. This type of opinion evidence is competent and admissible, once a proper foundation has been laid. See 20 Am. Jur. 736-737. Here, there was a sufficient foundation for the reception of this particular type of opinion evidence, i.e., in each instance the witness in question had talked to Vigil and had observed his actions and general demeanor within only minutes after the collision.
The trial court in its findings clearly indicated that it was the testimony of these three witnesses — and nothing else — which formed the basis for its ultimate finding that Vigil was guilty of the drunk driving charge. This then being the case, even if the other evidence which was received by the trial court over Vigil’s objection be deemed incompetent, such would under this circumstance be only harmless error and not legally sufficient to justify a reversal of the judgment and sentence. In a trial to the court, even of a criminal matter, the admission of incompetent and immaterial evidence does not in and of itself constitute reversible error where, as here, it affirmatively appears that such evidence did not influence the court in its ultimate determination of the case and there is a substantial body of competent evidence to sustain the finding and judgment. Capitoli v. State, 175 So.2d 210 (Fla.); and Birmingham *232 v. State, 228 Wis. 448, 279 N.W. 15, 116 A.L.R. 554. See also Welch v. People, 115 Colo. 42, 170 P.2d 781.
In thus disposing of the controversy, we would not want to be understood as intimating that the trial court actually did commit error in its various interlocutory rulings going to the admissibility of the evidence which Vigil now seeks to challenge. Rather, in view of our disposition of the matter, we simply need not get enmeshed in any long drawn out dissertation as to the admissibility of these various bits of evidentiary matter.
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Pringle concur.