STATE, Respondent, v. SABALA, Appellant.

*September 7—October 4, 1966.*

98

For the appellant there was a brief by *Victor C. Cairo* and oral argument by *Robert G. Roberts,* both of Racine.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Gerald E. Clickner,* district attorney of Racine county.

HANLEY, J.   Defendant's first five contentions all appear to concern the cross-examination of the complaining witness. The state's direct examination presented proof of all elements of the crime and questioned solely about the occurrences from about midnight when the defendant met the witness until the completion of the offense. Counsel for the defense on cross-examination attempted to go beyond the scope of the direct examination by inquiring about events between 9:30 p. m. and midnight on March 13, 1965. The attempt was to elicit facts relating to prior acts of sexual intercourse by complaining witness with other defendants or potential defendants earlier in the evening, contending the entire affair constituted a single transaction.

The general rule on the subject of admissibility of evidence of prior acts of sexual intercourse by the complaining witness with other men in a statutory rape prosecution is stated in 44 Am. Jur., Rape, p. 959, sec. 91, to be:

"**In Prosecutions for Statutory Rape.**—Since consent is not an issue in a prosecution for statutory rape, it is a general rule that evidence of prior intercourse of the prosecutrix with men other than the accused, or that her reputation for chastity is bad, is immaterial and inadmissible when offered as an excuse or justification. According to the prevailing view, the prosecuting witness cannot be cross-examined as to prior acts of sexual immorality or levity of conduct on her part, except under certain circumstances hereinafter noted."

Wisconsin follows the general rule. See: *Willard v. State* (1928), 195 Wis. 170, 217 N. W. 651; *Cleaveland v. State* (1933), 211 Wis. 565, 570, 248 N. W. 408.

There is no merit to the appellant's first assignment of error that the trial court denied him his "fundamental constitutional right to complete cross-examination." The record discloses the defense was given the privilege over the objection of the state on the reasonable condition that although prior acts of sexual intercourse could be brought

out the names of other defendants or potential defendants should not be mentioned. The record shows that despite the court's admonition counsel succeeded in bringing out before the jury the fact that the complaining witness had had sexual intercourse during the evening of March 13, 1965, with three other named men.

The appellant's second assignment of error that the court refused to permit leading questions on cross-examination is not supported by the record. The trial court made an obvious slip of the tongue in directing counsel for the defendant not to ask leading questions on cross-examination. The subsequent record shows counsel did use leading questions throughout the examination of the witness.

The appellant's third contention that the court erred in restricting and interfering with the examination of the complaining witness is also not supported by the record. The court requested counsel to refrain from mentioning the names of other defendants or potential defendants whose acts were in no way related to that of the defendant. Contrary to the court's request, the questioning was such that the jury was informed that the complaining witness had had sexual intercourse with "Richard," "Felix," and "Dennis." This restriction was within the trial court's discretion and was not prejudicial in any manner to the defendant.

The appellant's fourth assignment of error that the court excluded questions to show bias, prejudice, and hostility on the part of the complaining witness cannot be sustained. The prosecuting witness was asked these questions on cross-examination:

"*Q.* Now, Lynette, at that time did you want to make love to the defendant here? *A.* No, I didn't.
"*Q.* You had no desire whatever to make love to him? *A.* None.
"*Q.* Was he repulsive to you?
"*Mr. Ruzicka:* Objection to this question, it's immaterial.
"*The Court:* Objection sustained."

Counsel for the appellant did not pursue this line of questioning further. The record is clear that the complaining witness did not know the defendant prior to the offense. Therefore there were no facts to be discovered by the defense which would demonstrate the possibility of bias, prejudice or hostility against the defendant. Counsel for the appellant states the purpose of this testimony was to show whether or not there was any penetration. The court's sustaining the objection to the question "Was he repulsive to you?" was not prejudicial on the issue of penetration. The witness had testified there was an insertion about halfway. The defendant testified he could not remember the details so that the complaining witness' testimony on the issue of penetration was uncontradicted.

Under the law of this state, an actual penetration, no matter in what degree, is sufficient to constitute rape. *Murphy v. State* (1900), 108 Wis. 111, 83 N. W. 1112.

The appellant's fifth assignment of error that the court sustained general objections made by the state has no merit. 53 Am. Jur., Trial, p. 124, sec. 139, states as follows:

"But it has been held that where the ground of objection is one which could not be obviated, if specifically pointed out, a general objection is sufficient. And there are cases where the incompetency of the evidence is so palpable that a mere general objection will be deemed sufficient. In other words, where the evidence offered is no evidence at all, such a 'sheet lightning' objection is sufficient."

Appellant's sixth assignment of error that the trial court excluded testimony by the defendant's character witness is not supported by the record. Counsel for appellant relies on the fact that the trial court in its decision admitted it erred in its rulings on the proposed testimony of the character witness offered by defendant. The witness had testified as to his personal knowledge of the complaining witness. This was pointed out in the absence

of the jury by the state. An authority was cited that a witness cannot testify as to reputation of another witness on the basis of his personal knowledge. This is a proper statement of the law as stated in 3 Wharton's, Criminal Evidence (11th ed.), p. 2251, sec. 1366:

"The standard is the general reputation of the witness in the community where he lives, and the impeaching evidence should not, therefore, be based upon personal knowledge of the witness's character, or what the impeaching witness knew, or what all the people said about him."

58 Am. Jur., Witnesses, p. 393, sec. 727, set forth the rule as:

"That is to say, he must testify from his own knowledge of the other's reputation and what is generally said of him, but he may not speak from his own knowledge of particular acts and transactions from which the reputation of the other may have been derived."

The court permitted counsel to proceed with the examination of the character witness. Objections were made to the questions as leading, immaterial, and without a proper foundation. The court sustained the objections and the witness was withdrawn by counsel for the defendant. Apparently the witness was withdrawn because of problems in phrasing the proper questions. This cannot be determined a denial by the court to permit testimony as to general reputation of the witness for truth and veracity.

The appellant's seventh assignment of error that the court's rulings and restrictions on examination of witnesses amounted to commenting on the evidence is not supported by the record. Counsel pointed out that the judge did not comment on the evidence but alleges the unique argument that the rulings of the court amounted to commenting on the evidence. This contention has absolutely no merit.

The appellant's final assignment of error that the court erred in ordering a severance of the trial is not supported in law. The defense attorney claims that because the court ordered a severance of trial for the *Munoz* case and the *Sabala* case that his chances of winning were prejudiced. The defense attorney represented both defendants Sabala and Munoz. Both were charged with the same offense, but the offenses occurred at different places on different dates, and the record did not indicate that either of them was present at the time of the offense of the other. By agreement of counsel, the *Sabala* and *Munoz* case was scheduled for a joint trial. The trial before jury was set for December 14, 1965. Munoz had given a confession and the state informed the defense of its intention to use the confession. The defense challenged the admissibility of the confession and the matter was set for hearing on December 13, 1965. Munoz did not appear at this hearing. The court then set the hearing on the confession for December 17, 1965, and ordered that the trial of the defendant Sabala before the jury proceed as scheduled on December 14, 1965. The rule of law on this subject is stated in 23 C. J. S., Criminal Law, p. 709, sec. 934, to be:

"A right to a separate trial does not give defendants the right to demand to be tried jointly, and the court in its discretion may order separate trials over an objection that defendants should be tried together. . . . Where justice so requires, the court may order separate trials of its own motion without waiting for an application by either party."

The general rule in this state on the subject of separate trials is set forth in *Smith v. State* (1928), 195 Wis. 555, 558, 218 N. W. 822, as:

"The granting or refusal of a separate trial of defendants in a criminal case rests largely in the discretion of the court, *where the offenses arise out of the same transaction.* . . . (Emphasis supplied.)

The offenses did not arise out of the same transaction and the trials of the defendants should not be jointly held. The trial court properly ordered separate trials under the facts and circumstances of this case. The defendant was tried before a jury, and there was ample credible evidence to support the jury's verdict.

*By the Court.*—Judgment and order affirmed.