519 P.2d 857

**STATE of Arizona, Appellee,**

v.

**Manuel T. PADILLA, Appellant.**

**No. 2568.**

Supreme Court of Arizona,
In Banc.
March 6, 1974.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Former Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant Manuel Padilla was tried and convicted before the court, sitting without a jury, of the crime of child molesting, in violation of A.R.S. § 13–653. The trial court sentenced the appellant to a term in the state prison of not less than three nor more than ten years.

On appeal, appellant asks us to decide but one question: Was it fundamental error for the trial court to allow the prosecutor to question the defendant as to his silence during the police investigation of the crime?

Appellant was accused of molesting his six-year-old daughter sometime in the early morning hours of January 1, 1971. His only defense, in the face of testimony by his daughter that he committed the acts, was a complete denial and that there was a man who lived next door who had the opportunity to commit the act while the children were left unguarded. The appellant's wife stated that she and her husband had seen the man leaving the scene in a truck. In further testimony, Mrs. Padilla stated that her daughter had mentioned the same man to her while the child was being treated at the hospital. The appellant had no recollection of the truck leaving the apartments because he was intoxicated.

Police officers at the scene testified that the daughter told them, "My daddy did this." The apartment owner stated that no such man lived next door to the appellant at the time the crime occurred and he was in fact a figment of their imagination. The child had also told the apartment owner that the appellant had been the person responsible for the molesting.

When the appellant was arrested, the police officers informed him of his Miranda rights and he chose to remain silent. Although this fact was known to the prosecutor, he referred to the appellant's silence both in cross-examination and in closing argument. In reference to his talks with the police the deputy county attorney asked on cross-examination:

"Q Did you tell them about the truck pulling out of the driveway when you found out you were charged with child molesting and the crime of rape?

"A No, sir.

\* \* \* \* \* \*

"Q Did you ever tell the police about that truck coming out of the driveway?

"A I don't remember if I did or didn't say anything about the truck in the driveway."

(R.T. 264)

In his closing argument the prosecutor stated:

"In that regard, Mr. Padilla admitted that he never told the officers his story. He didn't tell them when he was booked in. He didn't tell the officers about this man pulling out in a truck, Mr. Padilla didn't. Why? Because there was no man pulling out in a truck."

(R.T. 274)

No objection was made to either the questions or the statement.

We have no hesitation in finding that these questions and the statement are an improper comment on the defendant's right to remain silent. State v. Shing, 109 Ariz. 361, 509 P.2d 698 (1973). With rights of such a fundamental nature, failure to object does not waive the error. Shing, *supra*.

Yet in the setting of this case there is no reversible error. Had this cause been tried before a jury, the prejudicial effect of the questions and the statement might demand reversal. Instead, we have a situation where the accused was before a trial judge fully cognizant of Fifth Amendment rights of a defendant.

As we said in State v. Garcia, 97 Ariz. 102, 397 P.2d 214 (1964), quoting with approval two Wisconsin cases, Topolewski v. State, 130 Wis. 244, 109 N.W. 1037 (1906) and Birmingham v. State, 228

Wis. 448, 279 N.W. 15 (1938), it is presumed that improperly admitted evidence will not be given any weight by the court in reaching its final conclusion. This is subject to the exception that it could be reversible error if the result would have been clearly different save for the improper evidence. Such a rule does not condone the use of such evidence by prosecutors. In *Birmingham* the Wisconsin Supreme Court stated:

> "When, in the course of a criminal trial, a district attorney or, as here, a member of his staff, attempts to introduce such incompetent or irrelevant testimony, such attempt should be promptly condemned by the trial court. The tendency of such evidence is prejudicial and an offer of such incompetent evidence evinces either a willingness on the part of a prosecutor unfairly to prejudice the defendant or evidences a complete ignorance of the rules of evidence applicable to criminal trials. There is nothing that can be said to justify or excuse such conduct on the part of a prosecuting attorney. Had this trial been to the court and a jury we would not hesitate to reverse the judgment and to order a new trial.

> "Nor does the fact that a trial is had to the court alone justify the reception of wholly incompetent evidence in either civil or criminal trials. All trials should be conducted fairly and the least that should be demanded of trial courts is that they, in good faith, scrupulously attempt to observe the well-established rules of evidence.

> "But it does not follow that prejudicial or reversible error was committed."

279 N.W. at 17.

We are in full agreement with the sentiments of that court.

Here, taking the totality of the evidence, it is clear that the finding of the trial court was not based on the inadmissible evidence, and the result would have been the same without such evidence.

The judgment of the trial court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.