## No. C-1191

### The People of the State of Colorado v. James Edward Norman

(572 P.2d 819)

Decided December 19, 1977.                    Rehearing denied January 9, 1978.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Deputy, for petitioner.

Tague, Goss, Schilken & Beem, P.C., P. Arthur Tague, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant was convicted in the Arapahoe County Court of driving under the influence of intoxicating liquors pursuant to section 42-4-1202, C.R.S. 1973. On appeal, the district court ruled that a lay witness may not express an opinion that a defendant, who is charged with driving under the influence, is under the influence of intoxicating liquor. On this basis, the district court reversed the judgment of conviction and ordered that the defendant be granted a new trial. We granted certiorari and we now reverse the district court.

All parties agree that once a proper foundation has been laid, a lay witness may express an opinion as to whether or not a defendant was intoxicated. Defendant, however, argues that there is a critical distinction between a lay opinion that a person is intoxicated and a lay opinion that a person is under the influence of intoxicating liquor. We do not agree with this categorization.

This court in *Vigil v. People*, 160 Colo. 229, 231, 416 P.2d 361, 362 (1966) made the following statement: "Three persons . . . testified that Vigil was then drunk and under the influence of intoxicating liquor. This type of opinion evidence is competent and admissible, once a proper foundation has been laid." We reaffirm that statement. The terms "intoxicated," "drunk," and "under the influence of intoxicating liquor" are substantially synonymous. There is no reason to allow testimony phrased in one of these terms and to prohibit it when it is phrased in another of these terms.

The district court relied on *Jones v. Blegen*, 161 Colo. 149, 420 P.2d 404 (1966) in making its ruling. We held in *Jones* that a lay witness may express an opinion as to whether a person was intoxicated but that "whether a person's ability to drive has been impaired by the consumption of intoxicating liquor is a subject upon which a lay person cannot express an opinion." The evidence offered in *Jones*, is clearly distinguishable from the type of evidence offered in the instant case. Here there was no opinion evidence proffered as to whether the defendant's ability to drive was impaired, which is the gravamen of the offense charged.

Accordingly, we reverse the judgment of the district court and return the case to it with directions to remand to the trial court to reinstate the judgment of conviction.

MR. JUSTICE ERICKSON does not participate.