HARDTKE, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 1 — December 14, 1886.*

*Rape: Evidence.*

1. Penetration is essential to constitute rape.

2. The prosecutrix being but twelve years old and the defendant fifty-one, a physician might properly be asked whether the privates of a well-developed man could have penetrated hers.

3. The prosecutrix should not be permitted to testify what a third person, not shown to have been acting for the defendant or with his knowledge, told her to say about the injury.

4. The question asked the prosecutrix, "Was there any blood on your underclothes after this?" *held* leading and improper.

5. On cross-examination the prosecutrix was asked "whether this was the only time the defendant was bad." *Held,* that the question was proper.

6. Questions asked the prosecutrix as to whether she had not said that the defendant's wife had promised to give her presents if she would swear against him, and whether the defendant's wife had not advised and taught her to feign lameness, are *held* to have been proper.

7. After it had appeared that the defendant's wife had advised the prosecution and told the prosecutrix to swear against the defendant, questions as to whether defendant's wife had ever told the witness anything about arresting the defendant, and whether she had said that she was going to get rid of the defendant, were proper, as showing the wife's motives for advising the prosecutrix.

8. So, also, evidence that the complaint was made not by the prosecutrix but by a third person at the request of the defendant's wife, was admissible.

9. Where the prosecutrix had testified that one of the effects of the assault was that she was lame, evidence tending to show that her lameness was feigned was proper.

10. In criminal cases evidence of the defendant's previous good character is admissible.

11. A statement of the defendant to the district attorney, at the time of the preliminary examination, that he wanted the prosecution stopped; that he "didn't hurt the girl much;" that he would give the attorney $8 or $10; and that the girl would "get over it again,"— does not amount to a confession of the crime of rape, or of anything more than an assault.

ERROR to the Circuit Court for *Taylor* County.

The plaintiff in error was convicted of rape, and sentenced to the state prison for ten years. The facts are sufficiently stated in the opinion.

*J. K. Parish*, for the plaintiff in error.

*H. W. Chynoweth*, Assistant Attorney General, for the defendant in error.

ORTON, J. This was an information for rape upon the person of Theresa Seitz, of the age of about twelve years, by the defendant, a married man, fifty-one years of age. On reading the evidence and carefully considering the proceedings on the trial, I cannot but think that the defendant was prosecuted with unusual severity, if not with malignity. It seemed to have been forgotten that the accused was presumed to be innocent until conviction, and that by the liberal, humane, and merciful policy of our criminal jurisprudence he should have every right and advantage which the laws afford him. Nearly every objection to evidence made by the counsel for the defendant was overruled, and nearly every objection of the district attorney to evidence offered by the defendant's counsel was sustained, and most of the rulings of the court upon the evidence are erroneous.

1. There was not a particle of evidence in the case of *penetration*. The prosecutrix did not testify to any, but told one of the female witnesses, soon after the occurrence, that the defendant did not enter her body, and the physician called by the state, upon being asked if, from his examination of the prosecutrix, there had been penetration, replied in effect that there had not been and that her hymen was normal; and another physician, called by the defendant as a witness, testified that he had never heard or read of a case where a young girl had been *raped* and the hymen remain. It is true that the court, after ruling that *complete* penetration was not necessary, asked this witness

whether the *least* penetration might be made without destroying the hymen, and he replied, "I think so." But it is sufficient that there is no evidence that there was the least penetration.

2. In connection with this subject, this medical witness was asked by the defendant's counsel whether the privates of a well-developed man could have penetrated hers, and the district attorney objected to the question, and the objection was sustained. This was clearly error.

3. The prosecutrix was allowed to testify, against the objection of the defendant's counsel, what one Muller told her to say about her injury when the defendant was not present and was not shown to have known anything about it. Muller was thus assumed to have been acting for the defendant by his request, when there was no evidence of it.

4. The district attorney asked the prosecutrix this leading question: "Was there any blood on your underclothes after this?" It was objected to as being leading, and the objection was overruled, and the witness answered, "Yes." There did not appear to have been any necessity or propriety in asking such a leading question, which so clearly suggested the answer to such a witness in such a case.

5. The counsel of the defendant asked the prosecuting witness, on cross-examination, "whether this was the only time the defendant was bad." The meaning was obvious enough, which was whether he had ever done so before to her. It was pertinent to show, as bearing upon such a crime, whether there had been similar occurrences before. The objection of the district attorney to the question was sustained. This also was error.

6. The prosecutrix was asked if she did not tell a certain person that the wife of the defendant told her that if she would come into court and swear against the defendant she would give her a new dress. In this connection there was another question asked her,—whether the wife of the de-

fendant had not advised and taught her to walk lame; and there was a question asked of another witness as to whether the wife of the defendant had not instructed the prosecutrix to feign lameness. Objection to all such questions was sustained. The prosecutrix had already testified that the wife of the defendant once told her to swear against him, and then again told her to go into court and say that the defendant promised her slippers and a cloak if she would not tell. It was apparent that the defendant and his wife were not on good terms, and that she was trying to get rid of him, and it was clearly pertinent to show that she was influencing the prosecuting witness to testify strongly against him, and if she was so influenced it affected her credibility. Therefore the above questions were proper and pertinent, and the court should have allowed them to be answered. The sustaining of the objection of the district attorney to them was clearly error.

7. After it appeared that the wife of the defendant had advised the prosecution and told the prosecutrix to swear against the defendant, then the following question put to the witness Shanley was clearly proper, as showing the feeling of his wife against the defendant, as her motive for so advising the prosecutrix, viz.: "State whether or not Mrs. Hardtke ever told you anything about arresting *Hardtke?*" The court erred in sustaining objection to it, as also to the question whether she told the witness that she was going to get rid of him.

8. After the court had again sustained an objection to the question whether the wife of the defendant had not advised and instructed the prosecutrix to walk lame and how to do it, the witness was asked when he first saw her walking lame. An objection to this question was also sustained. This was also error. The prosecutrix had testified that one of the effects of the assault was that she was lame. It was certainly very pertinent to inquire whether this lameness

was real or feigned, as bearing upon the nature and extent of the injury.

9. The witness answered this last question, notwithstanding the ruling, that "it was after Mrs. Hardtke notified or cautioned us;" and the court, on the motion of the district attorney, struck out the answer, and it was excepted to. This was error. A question had been asked whether it was not in the presence of this last witness that the wife of the defendant instructed her to walk lame, and the court sustained an objection to it; and this explains the meaning of the above question.

10. The defendant's counsel offered to prove by the witness Regettella that he saw the prosecutrix passing by on Sunday, the 4th day of January (a few days after the pretended injury), and that she walked as usual and did not appear lame or injured, which was refused, and exception taken. This would have been directly contradictory of the testimony of the prosecutrix, and would have tended to disprove the extent of her injury.

11. The witness Christman testified, among other things, that the wife of the defendant requested him to make the complaint in the case, and that he did so, and the court struck out all of his evidence on its own motion, and the defendant excepted. This would have shown the interest and feeling of the defendant's wife, and her motive for attempting to influence the prosecutrix to testify to certain facts against the defendant, and her indifference to the charge until a complaint had been made by another at the request of the defendant's wife,— most clearly pertinent and material to the case.

12. The defendant's counsel offered to prove by the witness Gay the general reputation and general character of the defendant "as a good, peaceable, law-abiding citizen." This was objected to on the ground *that no attack had been made on his character*, and because not confined to the class

of offenses on trial, and the objection was sustained, and the defendant excepted. This was clearly error. In criminal trials it is always proper to prove the previous good character of the accused, in order to show that it was unlikely that such a person would have perpetrated the crime, and this notwithstanding his good character is presumed until it is impeached. His character is attacked by the charge against him. But this rule is elementary. Whart. Crim. Ev. § 58. In this case the evidence that the defendant committed the crime of rape as charged was very weak and unsatisfactory, although it may have been sufficient to show that he committed a gross assault upon the person of the prosecutrix, and perhaps with such intent; and, as we have seen, there had been no proof of one of the essential elements of the crime except by very remote and uncertain presumption. In such a case good character should have weight with the jury. *Hogan v. State*, 36 Wis. 226.

13. The district attorney offered himself as a witness, and testified that on the occasion of the defendant's examination before the justice, as he was passing from one room to another, the defendant grabbed hold of him and stated voluntarily, "Look here, Adams, I want you to stop this," and then stepped in front of him and said, "Look here, Adams, I don't want you to go any further with this. I didn't hurt the girl much. I will give you $8 or $10. The girl will get over it again." Laying aside the question of the official and professional propriety of the prosecuting officer offering himself as a witness against the prisoner while he is himself conducting the prosecution, which, to say the least, is very questionable, it will be observed that this statement of the defendant falls far short of an admission or confession that he committed the crime of *rape*. It is an admission that he made an assault upon and injured her, but nothing further. His language must not be extended beyond its expressed meaning. On the argument of the

cause to the jury, the district attorney said, "The defendant confessed this crime to me." To this remark and others the defendant's counsel objected, and excepted, and the record does not show that the court gave it any attention whatever. It is true that the court did not *affirmatively* rule on this objection of the defendant's counsel, but by its silence the jury might have well understood that the court approved of it, or at least thought that there was nothing objectionable in the remark. It was so clearly not a correct statement of the facts proved that we think it was the duty of the court to have corrected it then and there. It was very material. There had been no evidence of one of the principal ingredients of the crime, and if this statement of the district attorney was accepted by the court and jury as true, it supplied all defects in the testimony, and was a full confession of the crime. With the errors already noticed in this most extraordinary trial, we cannot but think that this omission of the court to correct such a material and important misstatement of the evidence was also erroneous. I regret that it has appeared necessary to consider so many points of error, and to criticise somewhat the general conduct of the trial of this case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial. The warden of the state prison will surrender the plaintiff in error to the sheriff of Taylor county, who will hold him in custody until he shall be discharged or his custody changed by due course of law.

TAYLOR AND CASSODAY, JJ. We concur in the reversal of the judgment, upon the ground that there were errors in the rulings of the court upon the trial in relation to the following matters mentioned in the opinion filed: (1) Rejecting the question put to Theresa Seitz on cross-examination as to whether the conduct of the accused had been improper

Hardtke vs. The State.

on any other occasions. (2) Rejecting questions put to her on cross-examination tending to show that she had been influenced to testify as she did. (3) Rejecting testimony tending to show that after the occurrence in question she had feigned lameness. (4) Rejecting evidence tending to prove the previous good character of the accused. (5) Allowing the district attorney to say, in summing up to the jury, that " the defendant confessed this crime to me."