WEAVER HORTON v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Attempt. Conviction of under indictment for the crime.* Code 1892, § 1426. *Rape.*

Code 1892, § 1426, providing that on an indictment for any offense the jury may convict the defendant of an attempt to commit it, is applicable to the crime of rape, and a defendant's instruction excepting it therefrom was properly refused.

2. SAME. *Character.*

On a trial for rape it is error to refuse to admit testimony on behalf of defendant of his general reputation for peace or violence.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

Horton, appellant, was indicted, tried, and convicted of rape, and appealed to the supreme court. The second instruction asked by defendant and refused by the court, mentioned in the opinion, was in the following words—viz.: "The court charges the jury, for the defendant, that they cannot find the defendant guilty of an attempt to commit rape, under this indictment, there being no second count charging such offense."

*F. V. Brahan,* for appellant.

The court erred in excluding the testimony of Mr. Brewster and other white friends of defendant as to his good character for peace or violence. Force, or violence, is the gist of this offense, and it therefore follows that proof of good character, as was offered, is proper in such cases. In *Brown* v. *State,* 72 Miss., 998, such proof was admitted, and the only criticism made by this court on such ruling was that it was error to admit certain facts on cross-examination of defendant's character witnesses, which was objected to. Here was a negro boy, barely of age, being tried by a strange jury, whom he had never seen before, and he ought to have been permitted to have proven his previous good character by his white friends, with whom he lived and who knew his general reputation.

*William Williams,* attorney-general, for appellee.

TRULY, J., delivered the opinion of the court.

The refusal of the second instruction asked by the defendant was not error. Section 1426, Code 1892, provides that "on an indictment for any offense the jury may find the defendant guilty of the offense as charged or of any attempt to commit the same offense." It is not necessary, nor would it be proper, to join in the indictment a second count charging an attempt to commit the crime charged.

The language attributed to the district attorney is not made known to us in the manner prescribed by law. This assignment of error, therefore, is not considered. *Powers* v. *State,* 83 Miss., 691, s. c., 36 South., 6.

It was fatal error to refuse to admit the testimony offered on behalf of defendant of his general reputation for peace or violence. This was the particular trait involved in the prosecution against the defendant, and testimony showing an established reputation for peace and quiet is especially appropriate in this class of cases. *Maston* v. *State,* 83 Miss., 647, 36 South.,

71; *Hardtke* v. *State,* 67 Wis., 552 (30 N. W., 723); *State* v. *Lee,* 22 Minn., 407 (21 Am. Rep., 769); *Lincecum* v. *State* (Tex. App.), 15 S. W., 818 (25 Am. St. Rep., 727).

*Reversed and remanded.*