LUKAS, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 12—December 6, 1927.*

*Rape: Evidence: Sufficiency: Evidence as to prior conviction: Harmless error: District attorney as witness at trial: Argument of counsel.*

1. Direct and positive testimony of the prosecuting witness as to the manner in which she met defendant and as to the occurrences between them, which was supported by that of two police officers and the district attorney, to whom defendant admitted he had had intercourse with the prosecuting witness, is *held* sufficient to sustain a conviction of statutory rape. p. 388.

2. Error if any in proving a former conviction of defendant is *held* not to have been prejudicial, in view of the trial court's instruction to disregard it and convincing evidence as to defendant's guilt. pp. 389, 390.

3. It is not improper in a criminal prosecution to permit the district attorney to be sworn as a witness for the prosecution, especially where he took no personal part in the case except that he appeared as a witness. p. 391.

4. A statement in the argument of the assistant district attorney that "When you return your verdict I have no doubt you will hear something from the lips of his honor," even if improper, was not prejudicial error, in view of the instructions of the court and clear evidence of the defendant's guilt.    p. 391.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge. *Affirmed.*

Rape.    This is a prosecution for statutory rape, in which the plaintiff in error, *Frank Lukas,* hereinafter called the defendant, is charged with having had carnal intercourse with a female person under the age of eighteen years, to wit, of the age of fifteen years, on February 2, 1926.    The defendant pleaded not guilty, the case was tried before a jury and a verdict of guilty returned, upon which the defendant was sentenced.

For the plaintiff in error there was a brief by *Sydney C. Charney, Fred R. Wright,* and *Harry J. Weisfeldt,* all of Milwaukee, and oral argument by *Mr. Charney.*

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George A. Bowman,* first deputy district attorney, *George B. Skogmo,* special district attorney, and *Louis S. Wiener,* assistant district attorney, and oral argument by *Mr. Skogmo.*

ROSENBERRY, J.    The first contention made by the defendant is that there is no credible evidence to support the verdict of guilty.    The girl in question, as her testimony discloses and as the undisputed fact appears to be, was subnormal. Her testimony as to the manner in which she met the defendant, as to the occurrences between them, was direct and positive.    Her testimony was supported by that of two police officers and by the district attorney, to whom the defendant admitted he had had intercourse with the prosecuting witness at or about the time alleged.    We have examined the

record, and without spreading upon the reports the details
of the matter we shall only say we are convinced there was
ample evidence to sustain the verdict.

There is some complaint that leading questions were im-
properly permitted and that the assistant district attorney
was permitted to ask the prosecuting witness leading ques-
tions. The conduct of the trial is largely in the discretion of
the trial court, and nothing appears in the record to indicate
that there was any abuse of that discretion. Under the cir-
cumstances, the rulings of the trial court seem to have been
rather favorable than otherwise to the defendant.

Upon the trial the assistant district attorney in charge of
the case proved a former conviction in the following manner:

"*Q.* How many times have you been arrested and con-
victed of criminal offenses? *A.* Never.

"*Q.* Were you arrested and convicted in this court on the
charge of assault with intent to rape upon one Bertha Thayer,
on the 9th day of March, 1925?

"Objected to as not the fact. Objection overruled. Ex-
ception. *A.* Yes, sir.

"*Q.* At that time you were placed on probation by this
court? *A.* Yes, sir.

"*Q.* And later that probation was terminated? *A.* Yes,
sir."

The record in the former case, known as No. A-9919, was
offered in evidence, from which it appears that there was no
verdict, that the defendant had been paroled to Theo. Puls,
probation officer, and on December 17, 1925, seven months
after the proceeding which resulted in his being placed on
parol, the case was dismissed. Upon these facts coming to
the attention of the court, the whole circumstance occurring
near the close of the trial, the court instructed the jury as
follows:

"I have looked over the record in the previous case re-
ceived in evidence, and I am going to instruct you at this
time, and I do instruct you, to disregard all questions and
answers relating to the previous case that was referred to in

the trial of this case.  I am going to withdraw from the record in this case the judgment roll offered and received in evidence, which was the judgment roll in case A-9919, and I instruct you at this time that it is your duty to disregard all reference made in any manner to that previous case."

In a very close and doubtful case, circumstances such as these might be deemed to have been prejudicial to the defendant.  In this case, however, where the evidence is clear, strong, and convincing, the defendant having upon the witness stand admitted almost everything except the final act, it is considered that the instructions of the trial court to the jury to disregard the entire transaction, including the introduction of the record, cured any error in that respect.

The next contention of the defendant is that it was error to permit the district attorney to be sworn as a witness on the trial.  The trial was conducted entirely by the assistants of the district attorney; the district attorney took no personal part therein except that he appeared as a witness.  From his testimony it appears that at or about the time the defendant was arrested he was taken to the district attorney's office and there admitted to the district attorney that on two occasions he had had intercourse with the prosecuting witness at or about the time charged by her, and it was to that conversation that the district attorney testified upon the trial.  Counsel for defendant does not distinguish between testimony given by an attorney engaged in a trial and testimony given by an attorney who has no connection with the trial except as he is connected with it by the mere fact that he is district attorney.  We know of no rule of law which requires a district attorney, any more than any other officer, to refrain from testifying to admissions made to him by the defendant. The district attorney apparently felt that it was his duty under the circumstances in this case to become a witness upon the trial in order that justice might be done.  Like admissions were made to two police officers.  As in most cases of

this kind, corroborating evidence was difficult to secure. The defendant admitted being with the prosecuting witness at the time and place testified to by her, or substantially so. We see no impropriety whatever in the course pursued by the district attorney.

Complaint is also made with respect to arguments made by the assistant district attorney to the jury as being unfair and prejudicial. The most serious of these was a statement made near the close of the assistant district attorney's argument to the jury when he said: "When you return your verdict, I have no doubt that you will hear something from the lips of his honor." The jury was at once instructed by the court to disregard this remark. It is urged that by the remark it was suggested that the court was ready to punish the defendant if they, the jury, would deliver him to the court. That is one inference which may be drawn from the remarks. Another is that the assistant district attorney believed that they would convict, in which event, of course, it would be the duty of the court to sentence the defendant. It was a very slight if any deviation from the line of proper argument, and certainly under the instructions of the court cannot amount to prejudicial error.

*By the Court.*—Judgment affirmed.