UNITED STATES of America, Plaintiff,

v.

Robert W. NANZ, Defendant.

No. 78–Cr–80.

United States District Court,
E. D. Wisconsin.

June 4, 1979.

Joan F. Kessler, U. S. Atty., by Thomas
E. Martin, Asst. U. S. Atty., Milwaukee,
Wis., for plaintiff.

Davis, Kuelthau, Vergeront, Stover & Leichtfuss by David E. Leichtfuss, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the government's motion to quash an anticipated subpoena, the defendant's motion to compel the government to turn over exculpatory evidence, and the defendant's motion to dismiss the indictment against him. For the reasons which follow, each of these motions will be denied.

## I. MOTION TO QUASH

The government has moved "to quash any subpoena of Thomas E. Martin, the attorney for the government to testify in [this] case." The defendant at one time contemplated entering a plea of nolo contendere to the charges against him. When the defendant decided to maintain his plea of not guilty, the case was transferred to this branch. Mr. Leichtfuss, the defendant's attorney, has indicated an intention to call Mr. Martin, the assistant United States attorney handling this case, as a material witness at the trial of this matter. Mr. Leichtfuss' intention to call Mr. Martin as a witness apparently stems from Mr. Martin's filing of a "Statement of Facts" on April 23, 1979, which was to be used as a factual basis for the defendant's previously anticipated plea of nolo contendere. The defendant's purported purpose for calling Mr. Martin is to ascertain upon what evidence the government's statement of facts was based.

The government contends that if Mr. Martin is called as a witness, he would be obliged to withdraw as attorney in this case. In support of this proposition, the government cites various provisions of the American Bar Association's code of professional responsibility which counsel against an attorney serving as both an advocate and a witness in a single proceeding. See e. g., ethical considerations 5–9 and 5–10; disciplinary rules 5–101(B) and 5–102. The government claims that if Mr. Martin were required to withdraw as attorney in this case, the government would be prejudiced because the case is complicated and Mr. Martin is the government attorney most familiar with its facts.

Case law on this issue makes it clear that a defendant must meet a high standard of necessity before a court should allow a prosecutor to be called as a witness by the defense. Two circuit courts have stated that the defendant must show that the prosecutor "possesses information vital to the defense." *United States v. Newman*, 476 F.2d 733, 738 (3rd Cir. 1973); *Gajewski v. United States*, 321 F.2d 261, 268–69 (8th Cir. 1963). Yet another circuit court has held that "[s]uch a procedure, inevitably confusing the distinctions between advocate and witness, argument and testimony, is acceptable only if required by a compelling and legitimate need." *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975).

Upon the present record, I do not believe that the defendant has come close to establishing the requisite necessity which would justify his calling Mr. Martin as a witness. The prosecution has made it clear to the defendant's counsel that the government's file on this case is open to him. Thus, the evidence supporting the government's "Statement of Facts" should be readily available to the defendant, without calling Mr. Martin. Mr. Martin's personal evaluation of the legal significance of such evidence would be inadmissible as evidence at trial on grounds of irrelevance.

The preceding discussion indicates that unless far more compelling facts are presented to the court, the defendant, upon objection, will be barred from calling Mr. Martin as a witness. Nonetheless, I am not persuaded that the plaintiff's motion should be granted. The government's motion is directed to "any subpoena" that the defendant might issue for Mr. Martin's testimony. I cannot grant such a sweeping motion since it is possible that new facts could be brought to the court's attention which

might justify the granting of a subpoena for Mr. Martin's testimony. Since at present Mr. Martin has not actually been subpoenaed, the government's motion will be denied, without prejudice.

## II.  MOTION TO COMPEL DISCOVERY

The defendant has moved for an order directing the government to turn over to the defendant "that exculpatory evidence in whatever form, including Grand Jury testimony," upon which the assistant United States attorney relied in making certain of his "Statement of Facts."

■ Insofar as the motion relates to information in the government's files, the motion is moot. As previously stated, the government has agreed to open its files completely to the defendant's attorney.

■ The defendant's discovery motion also extends to grand jury testimony. The rule generally followed in this branch regarding grand jury testimony is that the defendant is entitled to examine the grand jury testimony of proposed government witnesses 24 hours before the commencement of trial. *See e. g., United States v. Cullen*, 305 F.Supp. 695, 700 (E.D.Wis.1969). *See also United States v. Amabile*, 395 F.2d 47 (7th Cir. 1968). In order to gain discovery of grand jury minutes beyond those available under the rule stated above, the defendant must demonstrate a "particularized need" for the information. *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1965).

■ In the instant case, the defendant's counsel has asserted his belief that the grand jury testimony might be helpful in negating the allegation that the defendant intended to defraud certain banks. He also states that the testimony could be utilized to refresh the recollection of certain witnesses or to impeach their credibility. The reasons advanced by the defendant's counsel clearly are justifications which any criminal defendant could advance in support of a request for grand jury testimony. The defendant has thus failed to show a particularized need for access to the grand jury minutes in this case, beyond that to which he is entitled under the general practice in this branch. Therefore, the defendant's motion to compel discovery will be denied.

## III.  MOTION TO DISMISS THE INDICTMENT

The defendant has moved to dismiss the indictment in this case "on the grounds that the Government has conceded the absence of an essential element of the crime alleged, i. e., specific intent to defraud. . . ." The defendant's motion is based on several portions of the government's "Statement of Facts" which has previously been alluded to in this decision. Specifically, the defendant cites the following three portions of the government's statement in support of his motion:

"In response, the government concedes that check kiting simply could not occur if banks would insist on collected funds being on deposit before honoring a check drawn on the account. There is no question that banks in this case permitted the writing of checks on uncollected funds and that the First National Bank of Waukesha even certified checks on uncollected funds."

\*       \*       \*       \*       \*       \*

"However, the government does not claim that Nanz kited checks with the intent to permanently deprive banks of money."

\*       \*       \*       \*       \*       \*

"Nonetheless, the proof indicates that Nanz had an intent to illegally inflate various accounts with the knowledge that he gained an unauthorized use of slightly less than $1 million in funds which were uncollected at the banks, and thereby he exposed numerous financial institutions to a risk of loss in the same approximate amount."

■ The defendant has been charged in a six count indictment with violations of 18 U.S.C. §§ 1341 and 2314 arising from an alleged check kiting scheme. In order to be found guilty of mail fraud arising from a check kiting scheme, the prosecution must

show an intent to defraud on the defendant's part. *United States v. Bessesen*, 445 F.2d 463 (7th Cir. 1971).

The defendant maintains that the government's statements quoted above demonstrate that the "bank's knowledge of the defendant's banking practices, while not negating the defendant's 'actions', completely contradicts any assertion that the defendant had an intent to defraud the bank."

■ As a general matter, the claim made by the defendant in his motion to dismiss would require the court to determine whether certain "facts" could constitute an intent to defraud within the meaning of 18 U.S.C. §§ 1341 and 2314. However, such "facts" are not now in evidence. Thus, it would be inappropriate to grant the defendant's motion to dismiss at this stage of the litigation.

In *United States v. Knox*, 396 U.S. 77, 83 n. 7, 90 S.Ct. 363, 367, 24 L.Ed.2d 275 (1969), the Court stated:

> "Rule 12(b)(1) of the Federal Rules of Criminal Procedure, . . . cautions the trial judge that he may consider on a motion to dismiss the indictment only those objections that are 'capable of determination without the trial of the general issue,' . . . ."

The Supreme Court added a further gloss to Rule 12(b)(1) in stating that "[a] defense is thus 'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 385 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94 (1969).

It is apparent that the defendant's motion regarding his intent goes to the very heart of the fraud charges against him. Trial of the merits of those charges would not only be of assistance, but would be indispensable to the proper resolution of the motion. Therefore, under Rule 12(b)(1), it would not be proper for this court to resolve the issues raised by the defendant's motion prior to trial, and the motion will be denied.

Therefore, IT IS ORDERED that the government's motion to quash any subpoena of Thomas E. Martin be and hereby is denied, without prejudice.

IT IS ALSO ORDERED that the defendant's motion to compel discovery be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss the indictment against him be and hereby is denied.