STATE of Wisconsin, Plaintiff-Respondent,

v.

Harry E. WALLIS, Defendant-Appellant.

Court of Appeals

*No. 88-0531-CR. Submitted on briefs January 6, 1989.—Decided March 2, 1989.*

(Also reported in 439 N.W.2d 590.)

For the defendant-appellant the cause was submitted on the brief of *William L. Poss,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

EICH, J. The appellant, Harry Wallis, was charged with possession of prohibited weapons. He gave an incriminating statement to the Clark County district attorney, Darwin Zwieg, while Zwieg was interrogating him about the offense. Wallis subpoenaed Zwieg to testify at a hearing on his pretrial motion to suppress

the statement, and we granted him leave to appeal from a nonfinal order quashing the subpoena.

The issue is whether the trial court denied Wallis's right to compulsory process when it quashed the subpoena without opinion. We conclude that the subpoena should not have been quashed.

The facts are not in dispute. Wallis was involved in a one-car collision in which his car rolled over into a ditch. An officer from the sheriff's department was present when the car was rolled back onto its wheels and saw several items fall out of the car during the procedure, including a "butterfly" knife, an illegal weapon. Wallis eventually consented to a search of the vehicle, which led to the discovery of another illegal weapon, a short-barreled shotgun.

Several days later, Wallis met with Zwieg to discuss the matter. Zwieg gave Wallis the usual *Miranda* warnings and proceeded to interrogate him. Wallis's statement, in which he made incriminating admissions, was taped and a sheriff's department detective, Louis Albrecht, was present throughout the interrogation. After Wallis made the statement, he was charged with possession of the illegal weapons in violation of secs. 941.24 and 941.28(2), Stats.

Wallis requested a *Miranda/Goodchild* hearing to determine the voluntariness of the statement and subpoenaed Zwieg to testify to the circumstances surrounding the interrogation. Zwieg moved to quash the subpoena and Wallis moved to disqualify Zwieg as the prosecuting attorney in the case. The trial court granted Zwieg's motion and denied Wallis's, without comment or explanation.

Wallis's appeal implicates the compulsory process clause of the Sixth Amendment to the United States

Constitution and Article I, Section 7 of the Wisconsin Constitution, which entitle an accused to "have compulsory process to compel the attendance of witnesses in his [or her] behalf." The right to process is "fundamental and essential to a fair trial." *Washington v. Texas,* 388 U.S. 14, 17 (1967).

> [A] fundamental tenet of our modern legal system[]
> is that the public has a right to every person's
> evidence except for those persons protected by a ...
> privilege. ...
>      ... The integrity of the legal system depends on
> the court's ability to compel full disclosure of all
> relevant facts under the rules of evidence. *State v.
> Gilbert,* 109 Wis. 2d 501, 505, 326 N.W.2d 744, 746
> (1982) (footnote omitted).

Given the importance of this right, a motion to quash a subpoena should not be granted lightly. In *Green Bay Newspaper v. Circuit Court,* 113 Wis. 2d 411, 421–22, 335 N.W.2d 367, 373 (1983), the supreme court set forth the standards governing consideration of such motions:

> If the defendant can show a reasonable probability
> that the subpoenaed witnesses' testimony will lead
> to competent, relevant, material and exculpatory
> evidence, such a showing is sufficient to require a
> denial of the motion to quash.

The state does not contend that Zwieg has any privilege to avoid process, and he is as amenable to subpoena as any other citizen. *Green Bay Newspaper,* 113 Wis. 2d at 422, 335 N.W.2d at 373. The state argues, however, that the *Green Bay Newspaper* standards should be modified in Zwieg's case to add the requirement that Wallis show a "compelling need" for the

testimony because of Zwieg's status as the prosecutor. We have examined several federal and state court cases cited by the state in support of the argument, and we believe all are readily distinguishable on their facts.

In what may be described as the leading case of the group, *United States v. Schwartzbaum*, 527 F.2d 249 (2d Cir. 1975), *cert. denied*, 424 U.S. 942 (1976), the defendant sought leave to call the prosecutor as a witness at trial. The prosecutor had taken notes during an interview with a prosecution witness, and the notes had been used at trial to refresh the witness's memory. The defendant wanted the prosecutor to testify about the notes for the apparent purpose of impeaching the witness's testimony on the basis that the memo had "suggest[ed] rather than refresh[ed]" the witness's memory. The court denied the request because, in its view, allowing a prosecutor to testify at a trial in which he or she is participating raises a danger of "confusing the distinctions between advocate and witness, [and between] argument and testimony." The court also noted that because "[t]he use of the [notes themselves] would have sufficed" for impeachment purposes, there was no "compelling [or] legitimate need" to call the prosecutor as a witness. *Id.* at 253.

The other cases cited by the state[1] involve similar fact situations, and most refer to the *Schwartzbaum* statement of the "compelling need" standard. In all of them, however, the prosecutors' testimony was sought at trial, and all were jury trials in which the "dangers" discussed by the *Schwartzbaum* court would be present

[1]*United States v. Dupuy*, 760 F.2d 1492 (9th Cir. 1985); *United States v. Newman*, 476 F.2d 733 (3rd Cir. 1973); and *Gajewski v. United States*, 321 F.2d 261 (8th Cir. 1963); *United States v. Nanz*, 471 F. Supp. 968 (E.D. Wis. 1979); *State v. Jessen*, 657 P.2d 871 (Ariz. 1982).

in full force. In addition, none of the cases involved the prosecutor's conduct or relationship with the defendant himself or herself, and none involved a situation where the subject of the prosecutor's proposed testimony implicated the defendant's constitutional rights.

■

In this case, Wallis is not seeking Zwieg's testimony at trial, but only at a pretrial suppression hearing before the court alone. No jury will be present and thus there is little, if any, danger of the type of "role confusion" the *Schwartzbaum* court warned against. In addition, the subject of Zwieg's testimony relates directly to Wallis's fifth amendment rights. The basic purpose of the suppression hearing is to determine whether the state should be allowed to place before the jury the incriminating statement Wallis gave to Zwieg during his interrogation. The hearing will inquire into the circumstances surrounding the taking of the statement so that the court may determine whether it was given voluntarily and whether, when he gave it, Wallis had been informed of, and understood, his constitutional rights. Determinations such as these are considered so important that we require the state to prove the defendant's understanding of his or her rights, and the voluntariness of the statement, beyond a reasonable doubt. *State v. Cumber*, 130 Wis. 2d 327, 329, 387 N.W.2d 291, 293 (Ct. App. 1986). The suppression hearing inquires into the "totality of the circumstances" surrounding the taking of the statement, and the ultimate determination, among other things, "calls for a very careful balancing of the personal characteristics of the suspect with the pressures to which he or she may have been subjected at the time." *Id.* at 330, 387 N.W.2d at 293.

In light of these considerations, we conclude that the *Schwartzbaum* "compelling need" rationale is inapposite to the subpoena in this case which directs the person—who happens to be a prosecutor—who took an incriminating statement from the defendant to appear at a pretrial hearing and testify as to the circumstances of its taking. The issue, therefore, is not whether Wallis has shown a compelling need for the testimony, but whether there is a reasonable probability that the testimony "will lead to competent, relevant, [and] material" evidence favorable to his position at the hearing. *Green Bay Newspaper,* 113 Wis. 2d at 421, 335 N.W.2d at 373. We therefore reverse on this issue and remand to the trial court so that that determination may be made—and explained—on the record.

Finally, Wallis urges us to hold that, should Zwieg testify "in this case," he should be disqualified from prosecuting it, citing several cases suggesting such a result.[2] As before, however, all the cases deal with the prosecutor's testimony at trial—a situation we do not face on this appeal. Whatever considerations may enter into the decision to disqualify a prosecutor from continuing with a trial at which he has testified as a witness, those considerations are not present here, where the issue before us relates only to the prosecutor's possible testimony at a pretrial court hearing.

[2]*State v. Koller,* 87 Wis. 2d 253, 270-71, 274 N.W.2d 651, 660 (1979); *Harris v. State,* 78 Wis. 2d 357, 368-69, 254 N.W.2d 291, 297-98 (1977); *State v. DeHart,* 242 Wis. 562, 574, 8 N.W.2d 360, 365 (1943); *Lukas v. State,* 194 Wis. 387, 390-91, 216 N.W. 483, 484-85 (1927); *Zeidler v. State,* 189 Wis. 44, 48-49, 206 N.W. 872, 874 (1926); and *Hardtke v. The State,* 67 Wis. 552, 557-58, 30 N.W. 723, 726 (1886).

Wallis has not satisfied us that, as a matter of law, Zwieg's testimony at such a hearing, without more, must necessarily disqualify him from prosecuting the case at trial.

*By the Court.*—Order reversed and cause remanded with directions to the trial court to consider and decide the state's motion to quash the subpoena under the principles discussed in this opinion.