MAXWELL, J.,
Specially Concurring:
¶ 41. I concur with the majority’s finding that factual impossibility does not preclude attempted enticement-based convictions when unbeknownst to the defendant the purported child is actually a law-enforcement officer.[13] I also agree that an *1105 attempted exploitation conviction under Section 97-5-33(6) may be sustained on the charge of the completed crime. While at first blush this seems at odds with traditional notice requirements, a review of Mississippi statutory law makes clear:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
Miss.Code Ann. § 99-19-5(1) (Rev.2007) (emphasis added).
A. Statutory Law
¶ 42. This law as it applies specifically to attempts was first codified in 1848. See Hutchinson’s 1848, ch. 64, art. 12, title 8, § 22 (The jury may find accused guilty “upon an indictment for any offense ... or of an attempt to commit such offense”) (emphasis added); see also Miss.Code of 1892, § 1426 (“On an indictment for any offense the jury may find the defendant guilty as to the offense charged, or of any attempt to commit the same offense ....”) (emphasis added). In 1904, the Mississippi Supreme Court applied section 1426, the unchanged predecessor to section 99-19-5(1), and held the circuit court properly refused to instruct the jury that a defendant, on trial for rape, could not be convicted of an attempt to rape. Horton v. State, 84 Miss. 473, 474, 36 So. 1033, 1033 (1904) (rev’d on other grounds).
B. Majority’s Interpretation
¶ 43. Judge Roberts’s dissent calls into question the majority’s remand and affir-mance position and dismisses the majority’s stance that an attempt is akin to — and should be addressed by appellate courts much like — a lesser-included offense. In my view, the majority merely suggests our attempt law should be interpreted and applied similarly to how our supreme court has addressed direct remands concerning lesser-included offenses. Reflecting on this approach, I note that Mississippi’s statutory precedent for convictions on uncharged attempts and lesser-included offenses is rooted in the same law, section 99-19-5, which allows a finding of guilt for the charged crime, attempt to commit charged crime, or a lesser-included offense. I find this common origin particularly relevant considering our supreme court has held that a “lesser included offense need not be before the jury in order to apply the direct-remand rule” to affirm a conviction on the uncharged lesser offense. Shields v. State, 722 So.2d 584, 587 (¶ 17) (Miss.1998).
¶ 44. Further, this court’s own precedent suggests the fact that the attempt was not charged in the indictment is immaterial. In Neal v. State, Judge Southwick, writing for our unanimous court, noted: “By statute [section 99-19-5], every indictment of a crime includes implied notice that the accused may be convicted of an attempt to commit that same crime.” 936 So.2d 463, 468 (¶ 17) (Miss.Ct.App.2006) (citing Miss.Code Ann. § 99-19-5 (Rev. 2000)). In Neal, this court found the use of the word “attempt” in an indictment was mere surplusage, and the defendant was on notice that he could be convicted of *1106 the completed offense or an uncharged attempt. Id. at 469 (¶ 20); see also Eakes v. State, 665 So.2d 852, 860 (Miss.1995) (Supreme court held section 99-19-5 “allows a jury to convict of the crime charged in the indictment or of an attempt to commit the offense charged.”).
C. The Federal Approach and Modifying Judgments
¶ 45. Federal precedent also supports the majority’s approach. See United States v. Remigio, 767 F.2d 730, 733 (10th Cir.1985) (“The crime of attempt is a lesser included offense of the substantive crime,” and “proof of the substantive crime at trial was proof of the lesser included offense of attempt.”); see also United States v. Pino, 608 F.2d 1001, 1003 (4th Cir.1979) (indictment charging distribution of heroin would support conviction “on an attempt theory”); United States v. Brozyna, 571 F.2d 742, 746 (2d Cir.1978) (Conviction on indictment alleging acquisition of firearm, though proof showed only attempted acquisition, does not violate defendant’s “right to be tried only on charges presented in an indictment.”); United States v. Marin, 513 F.2d 974, 976 (2d Cir.1975) (“[A] defendant may be found guilty of an attempt to commit a substantive offense, whether or not the attempt was charged in the indictment, provided attempt is punishable.”); 2 Wayne R. La-Fave, Substantive Criminal Law § 11.5(c), at 249 (2d ed.2003) (“The courts are in general agreement that an attempt conviction may be had on a charge of the completed crime_”).
¶ 46. In United States v. Castro-Trevino, 464 F.3d 536, 541-47 (5th Cir.2006), the Fifth Circuit Court of Appeals modified a judgment of conviction to reflect a conviction for attempted exportation of ammunition rather than the completed offense where a defendant smuggling ammunition from Texas to Mexico was apprehended short of the Mexican border. The Fifth Circuit affirmed the judgment as modified, noting that “a conviction for an attempt to commit the completed offense charged (or a conviction for some other lesser included offense of that charged), may properly be based on an indictment which alleges only the completed offense and does not mention attempt (or other lesser included offense of that charged).” Id. at 544.
¶ 47. The Fifth Circuit recognized: “When the facts support conviction of a lesser-included offense we can generally modify the judgment to reflect the lesser offense without detrimentally affecting the defendant’s rights.” Id. at 543.
¶ 48. Further, in United States v. Mitchell, 484 F.3d 762, 772-73 (5th Cir. 2007), the Fifth Circuit modified a judgment of conviction to reflect a conviction on an uncharged attempt. In Mitchell, a jury returned guilty verdicts against two cousins charged with possessing a firearm during a drug-trafficking offense — possession with intent to distribute crack cocaine. Id. at 766-68. On appeal, the cousins argued that, because the government did not find any cocaine during an armed robbery aimed at stealing drugs, it failed to prove they actually possessed cocaine. Id. at 771. The Fifth Circuit reasoned, as it did in Castro-Trevino, because the facts supported firearm possession in furtherance of an attempted possession of cocaine with intent to distribute, it “may modify the judgment to reflect such a conviction without affecting the defendants’ substantial rights.” Id. at 773.
D. Notice of Attempt Charge
¶ 49. Though federal courts require the attempt be punishable in the substantive *1107 statute in order to be actionable,[14] Mississippi’s statutory scheme is far broader. Section 99-19-5 makes attempt punishable, not for a few select crimes, but, as the statute makes clear, “[o]n an indictment for any offense.” Miss.Code Ann. § 99-19-5(1) (emphasis added). See also Neal, 936 So.2d at 468 (¶ 17) (“[E]very indictment of a crime includes implied notice that the accused may be convicted of an attempt to commit that same crime.”).
¶ 50. Based on the supreme court’s and this court’s prior interpretation of the implied-notice provisions of section 99-19-5,1 find, as the majority does, that the indictment here sufficiently placed Shaffer on notice he could be convicted of attempted exploitation of a child. And drawing from persuasive federal law and our supreme court’s precedent for handling direct remands of convictions on lesser-yet-uncharged offenses, I find this court could have either directly remanded, as the majority did, or modified the judgment to reflect guilt on the lesser attempt offense, which carries the same penalties as a conviction for the completed crime, without detrimentally affecting Shaffer’s substantial rights.
BARNES, J„ JOINS THIS OPINION.

. See Duke v. State, 340 So.2d 727, 730 (Miss.1976) ("[W]hen the impossibility grows out of extraneous facts not within control of the party, impossibility is not a defense.”); see also United States v. Farner, 251 F.3d 510, 512-13 (5th Cir.2001) (impossibility because "minor” was really adult federal agent posing as a minor on the Internet did not relieve *1105 defendant of criminal liability); United States v. Johnson, 376 F.3d 689, 694 (7th Cir.2004) (actual minor victim not required to support a conviction for producing child pornography in violation of 18 U.S.C. § 2251); United States v. Root, 296 F.3d 1222 (11th Cir.2002) (actual minor victim not required for attempted inducement conviction).

. See, e.g., United States v. Rivera-Sola, 713 F.2d 866, 869 (1st Cir.1983).